```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
           BRYSON CITY DIVISION
              2:09CV39-02-MU
```

| | |
|---|---|
| MARK RAYMOND COFFELT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|       v. | ) |
| | ) |
| THE STATE OF NORTH CARO- | ) |
|   LINA; | ) |
| CHEROKEE COUNTY CLERK OF | ) |
|   SUPERIOR COURT; and | ) |
| DISTRICT ATTORNEY OF | ) |
|   CHEROKEE COUNTY, | ) |
|     Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint under 42 U.S.C. § 1983, filed July 28, 2009. For the reasons stated herein, Plaintiff's Complaint will be dismissed.

This is the third civil rights Complaint which Plaintiff has filed within the past four months. Plaintiff's first action, which he filed against a sheriff and two police officers, was dismissed for his failure to state a constitutional claim for relief. See 2:09cv21-03-MU. His second action, which was filed against the same sheriff, his deputy and a magistrate judge, also was dismissed for his failure to state a claim for relief. See 2:09cv38.

By this action, Plaintiff now complains that on March 6, 2008, he sent a written request to the warden of his prison in

Waycross, Georgia, requesting final disposition of certain charges which are pending against him in Cherokee County, North Carolina; and that such request, in turn, was mailed to the Cherokee County District Attorney's Office. Plaintiff further complains that he subsequently sent a motion to dismiss the subject charges to the Cherokee County Clerk of Court. According to Plaintiff, however, the charges have not yet been disposed of, and there does not appear to be any record of his requests for disposition and/or dismissal on file with the Cherokee County District Attorney's Office.

As a result of the foregoing, Plaintiff reports his injury as "mental anguish, depression." By way of relief, Plaintiff asks this Court to award him monetary compensation; psychiatric treatment, to be paid for by Cherokee County, North Carolina; $1,000.00 per day for every day of incarceration which he has experienced since October 27, 2008; and the dismissal of all charges and the expungement of his record. Notwithstanding his apparent belief to the contrary, however, Plaintiff's Complaint must be <u>dismissed</u> in its entirety.

To begin, the Eleventh Amendment provides immunity for the State of North Carolina against suits for damages brought pursuant to §§ 1983 and 1985. See <u>McMillian v. Monroe County</u>, 520 U.S. 781 (1997). Therefore, Plaintiff cannot proceed with his claim for money damages against this Defendant. Similarly, the

Cherokee County District Attorney enjoys prosecutorial immunity from Plaintiff's claim. See Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). Furthermore, inasmuch as Plaintiff's claim against the Clerk of Court relates to that Defendant's alleged non-performance of his or her duty, such Defendant also is entitled to immunity. See McCray v. Maryland, 456 F.2d 1, (4th Cir. 1972).

Finally, to the extent that any of Plaintiff's claims can survive the foregoing immunity doctrines, Plaintiff still cannot proceed with them because he has failed to establish any more than di minimis injury, to wit, "mental anguish, depression." Therefore, Plaintiff is not entitled to relief on any of his claims against Defendants.

Finally, the Court advises Plaintiff that upon the dismissal of the instant action, he will have had three actions dismissed for failure to state a constitutional claim for relief. Consequently, Plaintiff should be aware that before he will be able to proceed in forma pauperis with any future prisoner action, he will have to comply with the requirements of 28 U.S.C. § 1915(g).

**NOW, THEREFORE, IT IS ORDERED that** Plaintiff's Complaint is **DENIED and DISMISSED.** See 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: August 5, 2009

*/s/ Graham C. Mullen*

Graham C. Mullen
United States District Judge